# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 18-1293V
(not to be published)

| | |
|---|---|
| TERRI L. VANDERJACK,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 13, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Mark Stephen Bishop*, Naperville, IL, for Petitioner.

*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

　　On August 27, 2018, Terri L. Vanderjack filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered on September 17, 2015. (Petition at 1). On August 12, 2019, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 35).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated February 10, 2020 (ECF No. 41), requesting a total award of $19,156.85 (representing $17,666.80 in fees and $1,490.05 in costs). In accordance with General Order #9 Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 41-2). Respondent reacted to the motion on February 10, 2020 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 43). That same day, Petitioner her filed reply requesting the special master award the requested fees and costs in full. (ECF No. 44).

For the reasons set forth below, I hereby GRANT in full, Petitioner's motion for attorney fees and costs.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

2

      A.  Hourly Rates

Petitioner requests compensation for attorney Mark Bishop at the following rates: $345 for work performed in 2017, $357 for work performed in 2018 and $365 for work performed in 2019. (ECF No. 41 at 4). For work considered more paralegal in nature, Mr. Bishop billed his time at the following reduced rates: $138 for work performed in 2017, $143 for work performed in 2018 and $146 for work performed in 2019. (*Id*).

Mr. Bishop's declaration states he has been an attorney licensed in the state of Illinois since August 1999. (ECF No. 41 – 1). His requested rates are within the appropriate experience ranges based on the Attorney's Forum Hourly Rate Schedule.[3] This rate schedule explains that an attorney's experience range "will be calculated based on the year an attorney was admitted to the bar." Office of Special Masters Attorneys' Forum Hourly Rate Schedule at footnote 6; *Russell v. Sec'y of Health & Human Servs.*, No. 16-1091V, 2018 WL 3989456 (Fed. Cl. Spec. Mstr. July 17, 2018). I find Mr. Bishop's rates reasonable and award them herein.

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Accordingly, I  hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$19,156.85** (representing $17,666.80 in fees and $1,490.05 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                              <u>s/Brian H. Corcoran</u>
                                              Brian H. Corcoran
                                              Chief Special Master

---

[3] The Attorney's Forum Hourly Rate Schedules for years 2015 – 2019 can be found at http://www.uscfc.uscourts.gov/node/2914

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.